# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**ROSEMARY DOIL,**

    **Plaintiff,**

v.            No. 98cv0650 JP/JHG

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's (Doil's) Motion to Reverse and Remand Administrative Decision, filed January 29, 1999. The Commissioner of Social Security issued a final decision denying Doil's applications for disability insurance benefits and supplemental security income. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion is well-taken and recommends that it be GRANTED.

Doil, now fifty-eight years old, filed her applications for disability insurance benefits on December 29, 1988, alleging disability since September 5, 1988. On May 31, 1989, the Commissioner's Administrative Law Judge (ALJ) denied benefits because he found she did not prove she was disabled prior to the expiration of her insured status.

On November 9, 1994, Doil filed her second application for disability insurance benefits,

alleging disability since September 6, 1977, due to arthritis in her upper and lower back, muscle damage to her back and neck, and numbness in her hands, arms, and legs. The application was denied initially and on reconsideration. The ALJ held a hearing on June 6, 1996, at which Doil testified.

On August 30, 1996, the ALJ found, from September 6, 1977 to July 30, 1986, Doil had residual functional capacity for no work activity at any exertional level. However, as of July 20, 1986, she regained the residual functional capacity for the full range of sedentary work. Applying the grids, the ALJ concluded that Doil was not disabled within the meaning of the Social Security Act after July 20, 1986. The ALJ found since Doil filed her second application more than twelve months after July, 1986, she was not entitled to a close period of disability. Moreover, the ALJ declined to reopen her prior application dated December 29, 1988. The Appeals Council denied Doil's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Doil seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful

activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, and her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id.*

In support of her motion to reverse and remand, Doil argues the ALJ's residual functional capacity finding is not supported by substantial evidence and is contrary to law. The ALJ found Doil underwent major medical improvement related to her ability to work as of July 20, 1986. This finding is not supported by substantial evidence. While Dr. Seibel stated in July, 1986 that Doil was performing "part-time sedentary activities," he did not state that she was capable of performing the full range of sedentary work on a sustained basis. Tr. 161. On the contrary, on October 15, 1987, Dr. Seibel stated the degenerative arthritis in her neck and back would continue to restrict her activities but that she was merely a "candidate" for sedentary occupations. Tr. 160. Indeed, on November 30, 1989, Dr. Seibel stated her condition had "really been unchanged since our previous examinations."

3

Tr. 159. Her medical records also establish Doil continued to seek treatment for pain in her neck and back, and numbness in her extremities from 1988 through at least 1994. Tr. 166-201. I The ALJ did not take into account the vast weight of the evidence favorable to Doil. For this reason, a remand is required. On remand, the ALJ should consider all the evidence, including the evidence favorable to Doil.

The ALJ found Doil's testimony was not fully credible. While it is true that this Court generally defers to credibility determinations of the ALJ, such deference is not absolute. *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993). The ALJ's credibility determination is not supported by substantial evidence. A remand is required due to this omission. *Kepler v. Chater*, 68 F.3d 387, 391-92 (10th Cir. 1995). On remand, the ALJ should reevaluate Doil's credibility and link his findings to specific evidence of record.

Doil argues the ALJ's pain and credibility analysis is not supported by substantial evidence. In evaluating a claim of disabling pain, the appropriate analysis considers (1) whether there is objective medical evidence of a pain producing impairment, (2) whether there is a loose nexus between this objective evidence and the pain, and (3) whether, in light of all the evidence, both objective and subjective, the pain is in fact disabling. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994) (citing *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987)). In this case, the ALJ did not expressly follow this analysis. On remand, the ALJ should expressly follow the *Luna* pain analysis. With respect to the credibility determination and the pain analysis, the ALJ did not apply correct legal standards and substantial evidence does not support his decision. On remand, the ALJ should link his credibility determination with specific evidence of record, analyze Doil's complaints of disabling pain, and apply the appropriate pain analysis.

Doil next contends the ALJ failed to properly develop the record. The ALJ has a basic obligation in every case to ensure that an adequate record is developed consistent with the issues raised. *Henrie v. U.S. Dept. of Health & Human Services*, 13 F.3d 359, 360-361 (10th Cir. 1993). This duty is heightened where, as here, the claimant is not represented by counsel at the time of the administrative hearing. *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The record does not even contain a consultative examination. In this case, the ALJ did not adequately develop the record. On remand, the ALJ should fully and fairly develop the record with respect to Doil's impairments, including, *inter alia*, a complete consultative examination.

This case involves a determination of disability at a remote time. In this respect, it is analogous to a case where a claimant's onset date must be inferred. When the onset date must be inferred, the ALJ should call on the services of a medical advisor. Social Security Ruling 83-20. If the evidence of onset is ambiguous, a medical advisor must be consulted. *Reid v. Chater*, 71 F.3d 372, 374 (10th Cir. 1995). On remand, the ALJ should call on the services of a medical advisor to determine when, or if, Doil's condition improved to the extent that she was able to perform the full range of sedentary work.

Finally Doil argues the ALJ's decision not to reopen the prior application was contrary to law. The law is clear that in the absence of a colorable constitutional claim, federal courts do not have jurisdiction to review a refusal by the Commissioner to reopen claims for disability benefits because the denial of a request to reopen is not a final decision within the meaning of the Social Security Act. *Califano v. Sanders*, 430 U.S. 99, 107-09 (1977); *Nelson v. Secretary of Health and Human Services*, 927 F.2d 1109, 1110 (10th Cir. 1990); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). A claimant may not use a later application as an attempt to circumvent the appeal

requirements of the Social Security Act. Doil argues her due process rights were violated because she was not represented by counsel. However, this is not a factor that implicates a due process right to a meaningful opportunity to be heard. *Evans v. Chater*, 110 F3d 1480, 1482 (9th Cir. 1997). Hence, this argument is not subject to review.

## RECOMMENDED DISPOSITION

The ALJ did not apply correct legal standards and his decision is not supported by substantial evidence. Doil's Motion to Reverse and Remand Administrative Decision, filed March 5, 1999, should be granted. This case should be remanded to the Commissioner to allow the ALJ to consider all the evidence, including the evidence favorable to Doil; to link his credibility determination with specific evidence of record; analyze Doil's complaints of disabling pain, and apply the appropriate pain analysis; to fully and fairly develop the record with respect to Doil's impairments, including, *inter alia*, a complete consultative examination; and to the services of a medical advisor to determine when, or if, Doil's condition improved to the extent that she was able to perform the full range of sedentary work.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.